UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMANDA SUMPTER, on behalf of
herself and all similarly situated
female inmates of the Wayne County Jail,

    Plaintiff,

vs.

Case No.:
Hon.
Magistrate:

COUNTY OF WAYNE; BENNY N. NAPOLEAN,
In his Official Capacity as WAYNE COUNTY
SHERIFF; and OFFICER GRAHAM,
in her Individual Capacity; jointly and severally,

    Defendants.

---

## COMPLAINT AND JURY DEMAND

NOW COMES PLAINTIFF, AMANDA SUMPTER, by and through her counsel, DETTMER & DEZSI, PLLC and files the instant complaint and jury demand as follows:

## PARTIES

1. Plaintiff Amanda Sumpter is a citizen of the State of Michigan and currently resides in the City of Detroit, Michigan.

2. Upon information and belief, all of the individually named Defendants are citizens of the State of Michigan.

3. Defendant County of Wayne ("County") is a governmental entity in the State of Michigan.

4. Defendant Napolean is the elected Wayne County Sheriff who is responsible for managing and supervising the Wayne County Jail, and has final policy-making authority for the jail.

1

5.  At all times relevant to this lawsuit, Defendant Graham was employed by the Wayne County Sheriff in the capacity of Deputy and/or a correctional officer at the Wayne County Jail.

6.  At all times relevant to this lawsuit, all of the Defendants were acting under the color of law with respect to the events set forth in the Complaint.

7.  At all material times, Defendant County of Wayne employed the named Defendants and is liable for their acts.  Wayne County is also liable for the unconstitutional polices, practices, and customs of the Wayne County Sheriff.

8.  Defendants are jointly and severally liable to Plaintiff for the claims asserted herein.

## JURISDICTION AND VENUE

9.  The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, § 1343(a)(1)-(4) and 1343(b).

10. Venue is proper under 28 U.S.C. § 1391(b).

## COMMON ALLEGATIONS

11. In or around October 2012 through November 2012, Plaintiff Amanda Sumpter was housed as an inmate at the Wayne County Jail.

12. During her incarceration at the Wayne County Jail, Plaintiff Sumpter was subjected to unreasonable, unlawful, and unconstitutional strip searches conducted by agents and/or employees of the Wayne County Sheriff.

13. Specifically, the Wayne County Sheriff has allowed an unconstitutional policy, custom and practice to flourish within the Wayne County Jail whereby female inmates are forcibly exposed in a state of undress to male guards, officers, employees, and other male

inmates.

14. During strip searches, Plaintiff, and hundreds of other female inmates were made to strip down naked in common areas of the Wayne County Jail and in view of male officers as well as other inmates.

15. During such strip searches, Plaintiff, and hundreds of other female inmates, were forced to bend over and spread their vaginal parts and anus under the pretense of searching for contraband.

16. Defendants conducted these unreasonable and unconstitutional strip searches even if the female inmates were experiencing menstrual cycles which would often result in menstrual discharges in the common areas of the jail during these *en masse* strip searches.

17. During these unconstitutional strip searches, Plaintiff and hundreds of other female inmates would see and hear the male officers laughing and otherwise mocking them while standing naked and being forced to expose themselves.

18. These strip searches, which were often conducted in groups, were conducted without reasonable suspicion that any particular inmates were in the possession of contraband.

19. Often times these unreasonable and unconstitutional strip searches occurred before and after the female inmates were taken to court proceedings and/or medical examinations during which the female inmates were always in the presence of correctional officers.

20. Plaintiff was subjected to several unreasonable and unconstitutional strip searches between October and November 2012.

21. Upon information and belief, Defendant Graham routinely conducted the types of strip

searches described herein.

22. Plaintiff was also forcibly exposed to male deputies who often worked in the stations adjacent to the female inmates' housing unit.

23. The male deputies who were assigned to the female housing unit had direct view into the cells of several female inmates including views of the inmate toilets.

24. The male deputies who were assigned to the female housing unit had direct view into the shower areas of the female inmates.

25. Furthermore, on the midnight shift when the female inmates were asleep, male officers would often perform rounds and check on the inmates in their cells when the female inmates were often in a state of undress.

26. During such rounding of the cells throughout the night, the male officers did not announce their presence.

27. Plaintiff and other female inmates were often degraded, humiliated, and subjected to inhumane and cruel treatment as described herein for no legitimate penological interest but rather to embarrass, humiliate, and degrade them.

28. Plaintiff suffered extreme emotional distress, humiliation, embarrassment, and damage as a result of Defendants' degrading, humiliating, and cruel actions.

## COUNT I; VIOLATION OF THE FOURTH AMENDMENT

29. Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the complaint.

30. The acts of Defendants as ratified, endorsed, and cultivated by Wayne County and its Sheriff as described herein violated Plaintiff's privacy rights as guaranteed by the Fourth

Amendment to the United States Constitution.

31. Defendants' actions as described herein were undertaken without regard to any legitimate penological interest.

32. Defendants' acts of forcibly exposing Plaintiff to be seen naked by male deputies and male inmates constituted an unreasonable invasion of privacy in violation of the Fourth Amendment.

33. Defendants' actions were not taken spontaneously in response to an emergency, but rather in conformity with the County and Sheriff's Department's deliberate policies, customs, and practices.

34. The constitutional rights that Defendants violated were clearly established at all times when Defendants violated such rights and a reasonable person in Defendants' position would have understood that their conduct was in violation of those rights.

35. Defendants are therefore not entitled to qualified immunity.

36. By virtue of Defendants' actions, Plaintiff is entitled to compensatory and punitive damages.

### COUNT II; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR ITS UNCONSTITUTIONAL POLICES, CUSTOMS, AND PRACTICES

37. Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the complaint.

38. Defendants County of Wayne and Wayne County Sheriff employed the use of unconstitutional policies, practices, and customs relating to strip searches that resulted in the violation of Plaintiff's constitutional rights under the Fourth Amendment.

39. Specifically, Defendants County and its Sheriff allowed the following unconstitutional policies, practices, and customs to flourish in the Wayne County Jail:

   a. subjecting female inmates to strip searches in *en masse* without regard to the inmates' privacy rights.

   b. subjecting female inmates to strip searches in the presence of or within view of members of the opposite sex; and

   c. forcibly exposing female inmates to spread and expose their vaginal areas without regard to the inmates' privacy rights and in the presence of members of the opposite sex and other inmates.

40. Defendants' unconstitutional polices, practices, and customs as described herein served no legitimate penological interest.

### COUNT III; *MONELL* CLAIM AGAINST WAYNE COUNTY AND WAYNE COUNTY SHERIFF FOR INADEQUATE TRAINING AND/OR SUPERVISION OF ITS AGENTS AND EMPLOYEES REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS

41. Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the complaint.

42. Defendants County of Wayne and its Sheriff had an obligation to train its employees and/or agents regarding the constitutional rights of citizens under the Fourth Amendment including the right to privacy.

43. Defendants County of Wayne and its Sheriff had an obligation to supervise its agents and employees, including the individual Defendants named herein, to insure that the constitutional rights of Plaintiff and similarly situated female inmates were not violated.

44. Defendants County of Wayne and its Sheriff failed to comply with its duty to train and/or

supervise its employees and/or agents and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of Plaintiff and other similarly situated female inmates.

45. By inadequately training and/or supervising its employees and agents and having a custom or policy of deliberate indifference to the constitutional rights of Plaintiff, Defendants encouraged and cultivated the conduct that resulted in the violation of Plaintiff's constitutional rights.

46. Defendants' policies, practices, and customs were the moving force in causing Plaintiff her injuries as described herein.

47. By virtue of the actions of Defendant County of Wayne and its Sheriff, Plaintiff is entitled to compensatory and punitive damages.

## DAMAGES AND RELIEF REQUESTED

48. Plaintiff hereby incorporates by reference herein the allegations contained in the above Paragraphs of the complaint.

49. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiff's constitutional rights under the Fourth Amendment were violated.

50. As a direct and proximate result of Defendants' conduct, each and every one of them, as set forth herein, Plaintiff suffered extreme injury including emotional distress, humiliation, anguish, and embarrassment.

51. Plaintiff is entitled to any and all damages or losses compensable under federal and state law including, but not limited to, those damages authorized under 42 U.S.C. §§ 1983,

1988, and/or Michigan law.

52. Plaintiff is also entitled to declaratory and injunctive relief to prevent the further degradation, humiliation, embarrassment, injury, and emotional distress caused by Defendants' actions and unconstitutional policies, practices, and customs.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court, by and through its trier of fact enter Judgment in favor of Plaintiff and against Defendants, together with interest, costs and attorney fees or as otherwise determined by the court or trier of fact.

Respectfully submitted,

Dated: December 17, 2014

/s/ Michael R. Dezsi
MICHAEL R. DEZSI (P64530)
Dettmer & Dezsi, PLLC
Counsel for Plaintiff
615 Griswold Street, Suite 1600
Detroit, MI 48226
(313) 281-8090
mdezsi@dezsilaw.com

## DEMAND FOR JURY TRIAL

By and through her counsel, Dettmer & Dezsi, PLLC, Plaintiff Amanda Sumpter hereby demands a trial by jury in the above captioned matter.

/s/ Michael R. Dezsi
MICHAEL R. DEZSI (P64530)
Dettmer & Dezsi, PLLC
Counsel for Plaintiff
615 Griswold Street, Suite 1600
Detroit, MI 48226
(313) 281-8090
mdezsi@dezsilaw.com